PETROPLUS, JUDGE:
This case was submitted on an agreed Stipulation of Facts, which was based on a complete investigation of the circumstances under which the claim arose. On or about July 15, 1968, an emergency situation arose at a building occupied by the Advance Planning Division of the State Road Commission situate at 1200 Airport Road, in Charleston, West Virginia. The septic sewer system backed up causing effluvium to over *79 flow, flood 'and spill out underneath the building creating a serious health hazard and intolerable working conditions for the employees of the State Road Commission. The Claimant, called by an unknown employee of the Commission, came upon the scene promptly with two trucks and four men and, without a written authorization 'and after a total of fifteen hours of continuous work, satisfactorily corrected the condition, and removed 6000 gallons of effluvium in septic trucks. A charge of twenty cents a gallon for the removal of the sewage was made, but on being invoiced for the sum of $1200.00, the State refused to pay the work performed because standard purchasing and payment procedures were not followed in authorizing the work. The proper procedure for emergency work required the submission of the contract upon receiving two bids, and a written authorization as well as a written work order. The Procurement Supervisor of the State Road Commission stated there was no procedure under which he could authorize payment.
We are of the opinion that the emergency nature of this work did not afford sufficient time to follow the usual procedures of preparing a written order and written contracts after submission of bids, and the fact that no one knows who authorized the doing of the work should not prejudice the Claimant from being paid for a prompt and satisfactory performance of what he was called upon to do for the benefit of the State Government. The efflux of sewage in an area where a hundred State employees were working created a serious health hazard and a disruption of the Commission’s activities on behalf of the State, as well as a possible danger to the general public. Time being of the essence, and the work having been done in a competent manner with the approval of the State, the Court is disposed to allow the claim in its entirety based on the reasonableness of the charge as determined by the investigation of the Respondent. It is clearly the moral obligation of the State to pay this claim, notwithstanding the technical procedures for awarding the work were not followed and the identity of the person who ordered the work cannot be established.
Claim allowed in the amount of $1200.00.